UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:25-cv-08502-AH-ADS | Date  November 12, 2025 |
| Title  *Edwige Mondesir, Sr. v. Steinfeld* | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff: | Attorney(s) Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER DISMISSING CASE  [JS-6]

Edwige Mondesir, Jr. filed this 42 U.S.C. § 1983 action as a "next friend" of his father, Plaintiff Edwige Mondesir, Sr. ("Plaintiff"), along with a request to proceed *in forma pauperis* ("IFP Request"). Dkts. 1, 4.

Although Plaintiff's address on file in this case appears non-custodial and the IFP Request is filed on the non-prisoner form, it appears from his returned mail, his appearance in other actions before this Court, and, as noted below, the docket in his underlying criminal case, that he is a prisoner. Dkts. 1, 4, 8; *see, e.g.*, *Mondesir v. Chambliss, et al.* No. 25-7784 AH (ADS); *Mondesir v. The People of Ventura, et al.*, No. 25-3748-AH-ADS. Further, he did not answer questions 1b, 5, and 6 of the IFP Request. *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit under *in forma pauperis* statute must "state the facts as to affiant's poverty with some particularity, definiteness[,] and certainty." (internal quotation omitted)); Local Rule 5-2.

Regardless of the improperly filed and incomplete IFP Request, the Court has conducted initial screening of the complaint, and concludes this action is subject to immediate dismissal. *See* 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27, 1129 (9th Cir. 2000) (§ 1915(e)(2)(B), which applies to both prisoners and non-prisoners, "requires district courts to screen lawsuits . . . and to dismiss those suits sua sponte under certain circumstances").

As the Court previously noted in this case and others filed on behalf of Plaintiff, Edwige Mondesir, Jr. has not sought "next friend" standing, which requires that the real party in interest be unable to litigate his own case due to mental incapacity or other disability—a requirement belied by the allegations in the complaint (Dkt. 1 at 2-3)— and that the next friend have some significant relationship with the real party in interest. *See Whitmore v. Arkansas*, 495 U.S. 149, 154, 163 (1990); *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001); *Mondesir v. Ventura*, No. CV 25-3748 AH (ADS), 2025 WL 1728021, at *2 (C.D. Cal. May 23, 2025) (explaining to Plaintiff that "[a]s a threshold matter, a federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court establishes the requisite standing to sue"), *report and recommendation adopted*, No. CV 25-3748 AH (ADS), 2025 WL 1725310 (C.D. Cal. June 20, 2025).  Edwige Mondesir, Jr. has not sought next friend standing here, and he has previously been found by this Court to lack such standing. *See Mondesir*, 2025 WL 1728021, at *2.

Turning to the complaint, it alleges that Defendant, conflict defense attorney Joel Steinfeld, committed several purported civil rights violations, including misconduct, obstruction of justice, failure to perform legal duties and neglect of professional obligations, suppression evidence, and other deprivations of Plaintiff's constitutional rights in conjunction with Plaintiff's previous conflict defense

attorney, Jeff Chambliss. Dkt. 1 at 1, 4-5. The complaint seeks a declaration that Defendant's conduct is unconstitutional, punitive damages, and other forms of relief. *Id*. at 1, 6.

To the extent Plaintiff's claims sound in habeas corpus, this action is merely a habeas petition disguised as a Section 1983 complaint. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] § 1983 action is barred . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Nettles v. Grounds*, 830 F.3d 922, 928 (9th Cir. 2016) (en banc) (explaining that a claim may fall within the core of habeas corpus if success would necessarily imply the invalidity of confinement or its duration).

Moreover, as previously explained to Plaintiff, absent unusual circumstances the interests of comity and federalism instruct federal courts to abstain from interfering with a pending state criminal prosecution. *See Mondesir*, 2025 WL 1728021, at *3 (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). Plaintiff's state criminal proceedings are ongoing and temporarily suspended pending his competency determination. *See* Case Information Search Page, Superior Court of California, County of Ventura, https://secured.countyofventura.org/courtservices/Information/CaseInformationSearch.aspx (last visited Nov. 10, 2025) (Case Nos. 2024022236, 2024025664, 2023031435, 2025021165). For the same reasons already explained to Plaintiff, *Younger* abstention is still appropriate. *See Mondesir*, 2025 WL 1728021, at *3.

Accordingly, this action is dismissed without leave to amend and without prejudice. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824-25 (9th Cir. 2002) (complaint properly dismissed without leave to amend for lack of standing); *Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d 980, 986 (9th Cir. 1999) (amendment futile "[w]here the legal basis for a cause of

action is tenuous"); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585-86 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice); *Mondesir*, 2025 WL 1728021, at *3.

In light of this dismissal, the improperly filed and incomplete IFP Request is **DENIED** (Dkt. 4), and all other pending matters are **TERMINATED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

**IT IS SO ORDERED.**